### EBENEZER G. WOODWARD v. SIDNEY MOORE, JR.

W. assigned in writing to C. & M. a judgment against H. containing this condition, "if the said C. & M. shall fail in collecting said judgment, after prosecuting said Hall (who now resides in Iowa) to insolvency, then I agree to be responsible for, and hereby guarantee, the sum of four hundred dollars of said judgment to them, and no more." C. & M. brought a suit on the judgment in the name of W. for their use, in the district court of Des Moines county, in Iowa, against H., who set up the defense of payment. No notice of this suit and defense was given to W. The judgment of the district court was in favor of the defendant, H. In an action brought by the assignee of C. & M. against W. Held:

1. That the record of the proceedings in Iowa was competent evidence to show that the effort to prosecute H. failed.
2. That it did not conclude W. on the question in issue, whether the judgment assigned was a valid and subsisting judgment, and that H. could have been prosecuted to insolvency, had proper diligence been used.

ERROR to the district court of Knox county.

On the 4th of April, 1839, Woodward recovered a judgment against one Jonathan C. Hall, in the court of common pleas of Knox county, for $334.66 and costs.

On the 20th of February, 1852, Woodward executed to Chapman & McKernan an assignment and guaranty of the judgment. The instrument of assignment and guaranty was written upon the page of the execution docket on which was minuted the style of the judgment, its amount ($334.66 and costs) and showing a credit thereon of $78.37½, July 15, 1840. Said instrument then proceeds as follows:

"For value received, I hereby transfer, assign, and make over unto Chapman & McKernan the above judgment; and if the said Chapman & McKernan shall fail in collecting said judgment, after prosecuting said Hall (who now resides in Iowa) to insolvency, then I agree to be responsible for, and hereby guarantee, the sum of four hundred dollars of said judgment to them, and no more; nor am I to pay, or be responsible for any interest upon said four hundred dollars.

(Signed)      "E. G. WOODWARD, [SEAL.]
"February 20, 1852."

In April, 1852, Chapman & McKernan, as the assignees of

Woodward, caused an action of debt, upon a transcript of the above judgment, to be brought in the district court of Des Moines county, Iowa, in the name of Woodward as plaintiff for their use against Hall.

In the action, Hall set up two defenses. 1. The statute of limitations—that the liability had not accrued within six years next before suit. 2. Payment.

The plaintiff, Woodward, for use, etc., replied joining issue upon each defense.

After divers continuances on the motions and affidavits of Hall, the cause was tried in November, 1853, on submission to the court, " on the testimony and argument of counsel," and " the court being sufficiently advised in the premises renders judgment for the defendant. Wherefore it is considered by the court that said defendant do recover of the said plaintiff the costs of this suit, taxed at thirteen dollars and twelve cents."

On the 20th of October, 1854, Chapman & McKernan transferred and made over to the defendant in error, Sidney Moore, jr., the said assignment and guaranty made by Woodward to them, and also their claim and right of action thereon against Woodward.

January 5, 1856, Moore brought suit against Woodward, in the court of common pleas of Knox county, setting up in his petition the fact of the assignment by Woodward to Chapman & McKernan, of the judgment against Hall, the guaranty, in said assignment, that if Chapman & McKernan should fail in collecting said judgment after prosecuting Hall to insolvency, he, Woodward, was to be responsible for and pay to them four hundred dollars..

The petition further alleges that suit was instituted against Hall, on said judgment, by Chapman & McKernan in the name of Woodward, for their use, in the district court of Des Moines county, in the State of Iowa, and that in said suit judgment on the merits was rendered in favor of Hall and against Woodward.

The petition further avers the subsequent assignment to the plaintiff, Moore, of the guaranty of Woodward to Chap-

man & McKernan, and of their claim and right of action thereon.

To the petition are annexed a copy of the record of the original judgment against Hall; a copy of the assignment and guaranty; a copy of the record in the Iowa suit; and a copy of the assignment to the plaintiff, Moore.

In an amended petition, filed by the plaintiff, he further avers that Woodward, in transferring the judgment, impliedly undertook and covenanted that the judgment was unsatisfied and enforceable when he assigned it to Chapman & McKernan; whereas it was not then in force, but satisfied, and that Woodward for use, etc., was not entitled to a judgment thereon in Iowa against Hall; and that Woodward knew all this when he made the assignment.

Woodward, in his answer, says:

That the consideration of the assignment and guaranty of the judgment to Chapman and McKernan was a transfer by them to him of the exclusive right to make, vend and use sewing machines in Knox county, under a patent right therefor, and that the right was worthless, and so the consideration failed;

That when he assigned the judgment and guaranteed the payment of $400 of it, there was more than that amount due and unpaid;

That in the assignment and guaranty he undertook that Hall was solvent, and nothing more;

That he knew nothing of the proceedings in Iowa against Hall, and denies that any such proceedings were had;

That he knew nothing of the transfer by Chapman & McKernan to the plaintiff, Moore, of the guaranty, and denies that any transfer was made;

Denies that in the transfer made by him to Chapman & McKernan, of the judgment against Hall, he impliedly undertook and covenanted that the same or any part of it was enforceable;

Denies that the judgment was not in force but satisfied, or that he was not entitled in law to a judgment thereon in Iowa against Hall.

In reply to the answer, the plaintiff, Moore, joins issue upon every defense set up therein.

The cause was appealed to the district court, and therein came to trial at the June term, 1860, to a jury.

At the trial, in the district court, it being admitted that Woodward executed the assignment and guaranty of the judgment to Chapman & McKernan, and that they had executed the assignment of that guaranty to the plaintiff, Moore, in the forms set out in the copy of the same attached to his petition, " the plaintiff, to maintain the issue on his part, offered in evidence to the jury a transcript of the record of the proceedings and judgment in the case of Ebenezer G. Woodward, for the use of Chapman & McKernan, against Jonathan C. Hall, in the district court of Des Moines county, Iowa, which transcript is attached to the original petition in this case, and a true copy of which, marked ' A,' is attached to the bill of exceptions and made a part thereof.

" To the introduction of said transcript as evidence, the said Ebenezer G. Woodward, by his counsel, then and there objected, on the ground, that the record of the judgment in Iowa was incompetent evidence in the case.

" And thereupon the court overruled said objection, and allowed said record to be given in evidence. To which ruling of the court the defendant excepted."

The plaintiff, Moore, thereupon rested his case.

The defendant moved for a nonsuit, which motion was overruled and the defendant excepted.

The defendant was then sworn as a witness, and testified that he never had any notice or knowledge of the bringing or pendency of said suit in Iowa.

He then offered to prove by his own testimony and other evidence, that the judgment against Hall was in fact unpaid.

The plaintiff objected to this testimony, and the court sustained the objection, and excluded the testimony from the jury, and the defendant again excepted.

After further testimony was given by both parties upon the issue as to failure of consideration for the assignment and guaranty by Woodward to Chapman & McKernan, the cause·

was submitted to the jury, who returned a verdict for the plaintiff, Moore, for the sum claimed in the petition.

Thereupon the defendant, Woodward, moved for a new trial, for the reasons that the court refused to nonsuit the plaintiff, and to permit the defendant to give evidence to show that the judgment against Hall was unpaid when he assigned it to Chapman & McKernan; and because the court overruled the defendant's objection to the introduction of the Iowa record in evidence to the jury.

The court overruled the motion for a new trial, and entered judgment on the verdict. To reverse that judgment the defendant filed his petition in error in this court.

*S. Israel* and *Curtis & Scribner*, for Woodward, argued:

1. The written contract of guaranty, in plain terms, is a guaranty of solvency, and nothing more.

The petition is not founded upon the *writing*, but upon the alleged fraud, or upon the undertaking arising *by implication of law* that the judgment was *unsatisfied* at the time of the assignment. This undertaking exists independently of the writing, and would have existed had there been no written contract whatever.

The writing does not undertake that the judgment is unsatisfied; neither does it undertake that it was not barred by the statute of limitations.

The implied contract arising in law that the judgment is unsatisfied, does not include an undertaking that it is not barred by the statute of limitations.

2. The record of the proceeding in Iowa was not competent as evidence against Woodward, for the reason that Woodward had no notice of the proceeding. 2 Smith's L. C. (5 Am. ed.) 685; *Douglas* v. *Howland*, 24 Wend. 35; *Jackson* v. *Griswold*, 4 Hill, 522; *Morris* v. *Lucas*, 8 Blackf. 9; 2 Hill, 131; 6 Hill, 324, 325; 9 Mass. 4; *Maupin* v. *Compton*, 3 Bibb, 214; *Fletcher* v. *Jackson*, 23 Verm. 581, 591; *Brunn* v. *Chaney*, 1 Kelley, 410; 7 U. S. Dig. 320, sec. 84; *Tyree* v. *Magness*, 1 Sneed, 276; U. S. Dig. 456, sec. 176; *Stephens* v. *Jack*, 3 Yerg. Rep. 403; *Sanders* v. *Hamilton*, 2 Hayn.

Rep. 226; *Jacob* v. *Pierce*, 2 Rawle's Rep. 204; Cowen & Hill's notes, 2 Phil. on Ev. (4 Am. ed.) 8, 9; 1 Greenl. on Ev., sec. 539.

3. The record introduced does not establish the fact of payment. Am. notes to Smith's L. C. (5 Am. ed.) 668; *Stuker* v. *Butler*, 17 Ala. 133; *Doty* v. *Brown*, 4 Comst. 71; *Davis* v. *Talcutt*, 14 Barb. 511; *Campbell* v. *Butts*, 4 Comst. 173; *Young* v. *Rummell*, 2 Hill, 478; *McKnight* v. *Dunlap*, 4 Barb. 44; *Lawrence* v. *Hunt*, 10 Wend. 84; Greenl. on Ev., sections 529, 532; *Loudenback* v. *Collins*, 4 Ohio St. Rep. 251.

4. If the record did establish the fact of payment, it was but *prima facie* evidence; and Woodward, in law, was entitled to the privilege of introducing evidence on his part to overcome the *prima facie* case so made. The refusal of the court to permit such evidence to be given was error, for which the judgment should be reversed. *Lam* v. *Shaw*, 10 Ind. Rep. 469, 473; *Howell* v. *Wilson*, 2 Blackf. 418; 9 Ala. 567; 7 U. S. Dig. 320, sec. 87; *Robinson* v. *Lane*, 14 S. & M. 161; 11 U. S. Dig. 199, sec. 53; Am. notes to 2 Smith's L. C. 685.

*L. J. Critchfield*, for defendant in error, argued:

The Iowa record was competent and conclusive evidence against Woodward.

A guaranty for a valuable consideration, as distinguished from a mere suretyship, is to be construed liberally. *Mauran* v. *Bullus*, 16 Pet. 537. The guaranty in question, made by Woodward, was for a valuable consideration, as the verdict of the jury upon that direct issue shows.

Instead of Woodward's contract of assignment and guaranty being a mere undertaking that Hall was at the time solvent, it is an undertaking that the judgment was unpaid, and that a new judgment could be obtained thereon against Hall by proceeding in an action against him in Iowa, and that the new judgment could be collected. And a breach of such a contract is made out by showing that the original judgment was not enforceable either by reason of its having

been paid, or by reason of the bar of the statute of limitations, as well as by the fact that it could not be collected upon execution issued on a new judgment.

A guaranty that a judgment can be collected "if well attended to," is a guaranty that the judgment is a valid one. Snow v. Baker, 3 Gillman (Ill.) 258–60.

To show insolvency is equivalent to showing that a claim can not be collected by due process of law. Wheeler v. Lewis, 11 Verm. 265; Marsh v. Day, 18 Pick. 321–2; Sanford v. Allen, 1 Cush. 473.

Why is not the use of due process of law, to the extent the nature of the case admits, equivalent to prosecuting to insolvency?

Then we have a record of a proceeding, under the guaranty, against Hall, in Iowa, wherein Woodward is plaintiff, as the law and his contract required, and that record is not only competent but conclusive against him, unless he be relieved from the operation of the well-settled rule that a judgment in an action concludes parties and privies.

It will not do to say that Woodward, in the Iowa action, was merely a nominal party. That won't relieve him from the rule above mentioned. But he was not merely a nominal party; he was the necessary plaintiff.

The numerous cases cited by opposite counsel to show that a judgment is not conclusive upon a guarantor, are cases in which he was neither party nor privy.

Had not Woodward, in the Iowa proceeding, been the plaintiff, but had Chapman & McKernan prosecuted the action, in their own name, as plaintiffs, Woodward would have been bound by the result. Jackson v. Griswold, 4 Hill, 529; Milley v. Paulk et al., 6 Conn. 74; De Forest v. Strong, 8 Conn. 521.

But it is said that, conceding the record of the Iowa proceeding to be admissible, it does not establish the fact of payment.

The two issues in the Iowa action were: 1. The statute of limitations of six years; 2. Payment. One or both of those issues were determined by the judgment in favor of Hall.

Either of them shows a breach of Woodward's contract of guaranty. If the judgment is conclusive upon the first issue, then it shows that when Woodward, in 1852, assigned the old judgment upon which he pretended that no payment had been made since 1840, the statutory bar was complete; and, if pleaded in the new action, it would preclude his assignees from "prosecuting Hall to insolvency" therein. But the judgment in Iowa was intended to and does determine the issue of payment, as is manifest from the form of the judgment.

Counsel for Woodward, in reply, insisted, in addition to the points taken in their opening argument, that the fact that the action in Iowa was prosecuted in the name of Woodward by the assignees, can not change the rule requiring notice to be given him in order to make the record conclusive upon him.

GHOLSON, J.—The express condition of the contract is that Woodward was to be responsible after the prosecution of Hall to insolvency. The inference is clear that it was the understanding of the parties that Hall *could* be prosecuted to insolvency, and Woodward must be regarded as having made such an agreement. This suit is brought for the breach of that agreement, and to show such breach it appears to us that the record of proceedings in Iowa was competent evidence. Those proceedings showed that the effort to prosecute Hall to insolvency failed, because the judgment against him had been paid, as found by the district court in Iowa. The institution of the suit in Iowa was a proper step in the exercise of the diligence required to prosecute Hall to insolvency. But when the defense of payment was interposed, proper diligence required that notice should have been given to Woodward; and there having been a failure to give such notice, he can not be concluded by the judgment.

We do not see that it can make any difference whether the suit on the judgment was prosecuted in the name of Woodward for the use of the assignees of the judgment, or in the

name of the assignees. It was none the less the suit of the assignees, and conducted by them in compliance with their contract to prosecute Hall to insolvency before calling on Woodward. If they have been wanting in proper diligence in conducting the suit they can not escape the consequence by a resort to the technical form in which it was instituted. For the practical and substantial purposes of the contract it is the same as if the suit had been in their own names. Indeed, we do not doubt that, under the law of Iowa, Woodward, without their assent, would not have been allowed to interfere with the conduct of the suit.

The most that could be claimed for the effect, as evidence, of the record of the proceedings in Iowa, would be to make a *prima facie* case for the plaintiff in the action below. Had notice been given to Woodward of the pendency of the suit in Iowa and of the defense set up, it might have been his duty in that action to sustain the validity of the judgment he had assigned. Having received no such notice, he is not precluded from showing in the action against him that the judgment he assigned was a valid and subsisting judgment, and that had proper diligence been used in the conduct of the suit against Hall, his defense to that suit would not have been successful. In rejecting the evidence offered for that purpose by Woodward we think the district court erred, and for that error the judgment must be reversed.

Judgment reversed.

SUTLIFF, C.J., and PECK, BRINKERHOFF and SCOTT, JJ., concurred.