CHARLES H. DENNIE *vs.* LEBBEUS W. SMITH & others.

Suffolk. March 3. — July 1, 1880. ENDICOTT & SOULE, JJ., absent.

The refusal of a constable to restore attached property to the owner, upon the termination of the action in the latter's favor, is a breach of the condition of his official bond that he shall "faithfully perform all the duties of a constable in the service of all civil processes which may be committed to him;" a judgment against him for the conversion of the property is conclusive upon him and his sureties in an action on the bond; and it is immaterial that, in the action against him, he is not described in his official capacity.

CONTRACT by the treasurer of the city of Boston, for the benefit of John Hamilton, upon a constable's bond, executed by Lebbeus W. Smith as principal, and by the other defendants as sureties, and containing the condition that Smith should "faithfully perform all the duties of a constable in the service of all civil processes which may be committed to him."

At the trial in the Superior Court, before *Wilkinson*, J., it appeared that, in February 1876, a schooner belonging to Hamilton was attached by Smith, then a constable, on a writ in which Hamilton and others were named as defendants; that the attachment and the officer's return were regular and valid; that after the entry of the writ in court the action was discontinued as against Hamilton, who thereupon made a demand upon Smith for the surrender of the vessel; that, Smith not complying with the demand, Hamilton brought an action against him for the conversion of the vessel, the declaration in which did not describe him as a constable, and recovered judgment for the sum of $786.39; and that payment of the execution issued on said judgment was duly demanded of Smith, and this action was brought more than sixty days from the issuing thereof.

The defendant contended, and requested the judge to rule, that this evidence did not show that Hamilton had ever recovered any judgment against Smith as a constable, or for any such official misconduct as would sustain an action on his bond.

The judge declined so to rule ; and ruled that the words "service of all civil processes," as used in the Gen. Sts. c. 18, § 61, include not only the attachment of property and the due return of the writ, but also the subsequent disposition of the property

by the officer; that if, after the discontinuance against Hamilton in the action in which the attachment was made, Hamilton demanded of Smith the surrender of the vessel, and Smith refused or neglected to comply with such demand, such refusal or neglect constituted a breach of the condition of the bond declared on; and that the judgment recovered against Smith for the conversion of the vessel by such refusal or neglect was sufficient to sustain this action.

The jury returned a verdict for the plaintiff for the penal sum of the bond; and the defendants alleged exceptions.

*G. H. Kingsbury*, for the defendants.

*J. D. Thomson*, for the plaintiff, was not called upon.

AMES, J. We find no error in the rulings of the presiding judge. Upon making the attachment, it was the official duty of the constable to retain possession of the property, to await the result of the suit, and, upon the termination of the suit in favor of the original defendant, to return it to him. His failure to do so was a breach of his official duty. It was therefore a violation of the condition of his bond. It is immaterial that, in the suit against the constable, the declaration does not in terms describe him as holding that office.

The conclusiveness of the former judgment, both as to principal and sureties, in a suit against them upon their joint bond, is distinctly settled in *Tracy* v. *Goodwin*, 5 Allen, 409. In *Boston* v. *Moore*, 3 Allen, 126, cited by the defendants, the alleged misconduct of the officer consisted in not accounting for money paid to him by the debtor in settlement of the claim sued; a neglect which the court held not to be a violation of official duty.

*Exceptions overruled.*