BALDEN, RESPONDENT, *v.* THOMASEN, APPELLANT.

[Submitted January 31, 1896.  Decided February 3, 1896.]

JUSTICE COURT—*Pleading assignment of account.*—In an action upon an assigned account the complaint should plead the assignment although the action be instituted in . a justice court.

*Appeal from Second Judicial District, Silver Bow County.*

ACTION on an account. Judgment was rendered for the plaintiff below by McHATTON, J.  Reversed.

*John Lindsay*, for Appellant.

Counsel cited:  1 Cowdery's Justice Treatise, § 248; *Prindle* v. *Caruthers*, 15 N. Y. 426; *Stearns* v. *Martin*, 4 Cal. 227; Abbot's Trial Ev. ch. 1, § 2; 1 Estees Pl. § 337.

PEMBERTON, C. J.—Plaintiff instituted this suit in a justice's court in Silver Bow county, on the following account:
    "Andrew Thomasen to F. Balden, Dr.,
    " To board and lodging, $47.00."
Judgment was rendered in favor of plaintiff for the amount of the account, and the defendant appealed therefrom to the district court of said county.  In the district court the case was tried to a jury, and a verdict returned in favor of the

plaintiff.    From the judgment rendered on the verdict, and an order of the court overruling the defendant's motion for a new trial, this appeal is prosecuted.

The evidence all shows that the sum mentioned in the account in suit was an amount due and owing from the defendant to one Antone Vidmar on an account for board and lodging, which account Vidmar had left with the plaintiff to collect and apply on an indebtedness from Vidmar to the plaintiff.    This evidence was all admitted over the objection of the defendant that no assignment of the account was pleaded or shown on the account sued on; said account, on its face, purporting to be an indebtedness due directly to the plaintiff. The admission of the evidence tending to show an assignment of the account by Vidmar to plaintiff is the only error assigned. Counsel for the defendant contends that no proof of an assignment of the account was admissible without an allegation thereof in the pleadings.    This contention renders it necessary to discuss what is essential to good pleading in a justice's court.

In Murfree's Jurisdiction of Justices, this question is thoroughly discussed.    See section 376 *et seq*.    After quoting largely from the courts of states whose statutes are similar to ours, this author says:    "As abundantly shown, it is necessary that a complaint shall not only present distinctly the ground of the plaintiff's demand, but that ground must be so distinctly set forth that it will preclude another action for the same cause."

Would a judgment on the account in suit in favor of plaintiff be a bar to an action thereon by Vidmar or his representatives?    There is nothing in the pleadings or judgment roll to show that Vidmar ever assigned the account to plaintiff.    If the account had shown on its face such assignment, the defendant could have denied the assignment, or could have pleaded payment to Vidmar, or any other defense he may have had.    But there is nothing in the pleadings to advise him that it is the Vidmar account on which he is being sued, so as to enable him to prepare any defense he might have against Vid-

mar. It will not be disputed that a complaint in the district court on an assigned account would be bad, without an allegation of assignment, and that evidence of assignment without such allegation would not be admissible. If it be necessary to allege an assignment in one count, as a .prerequisite to proving it, why not in another ? While formalities and technicalities are largely dispensed with, by statute, in justices' court, still it cannot be said that all substance and essentials in pleadings have been dispensed with also. The account, complaint, or statement in a justice's court should contain the substantial averments of a cause of action, so stated as to apprise the defendant fairly of the cause of action relied on, ''and so distinctly that it will preclude another action for the same cause.''

We think the account sued on, which is the only pleading in the case, is fatally defective in these respects, and that the action of the court in admitting evidence of an assignment of the account, without any allegation thereof in the pleading, was erroneous. (1 Cowdery, Justices, § 248.)

The facts and circumstances of this case widely distinguish it from *Campbell* v. *Irvine* (decided this day).

The judgment and order appealed from are reversed, and the cause remanded for a new trial.

*Reversed.*

DE WITT, J., concurs.