STANDARD ACCIDENT INS. CO. *v.* HATTIE.
THE FIDELITY & CASUALTY CO. *v.* HATTIE.

(Decided January 31, 1935.)

*Messrs. Burt, Kinnison, Carson & Shadrach* and *Mr. Morgan W. Roderick,* for plaintiffs in error.
*Mr. Adolph Unger,* for defendant in error.

SHERICK, P. J.  The question presented in each of these actions is identical.  Mary Hattie was plaintiff in the trial court.  She will herein be denominated as such..  The plaintiffs in error will be referred to as the sureties.

The petition recites that the plaintiff, Mary Hattie, procured a judgment in the Court of Common Pleas against two police officers in the sum of $1,500.  The damages were awarded in compensation for a certain trespass committed by the officers, while searching her premises.  It is averred that execution was issued on the judgment and returned "nothing found."  It is said that each surety had knowledge of the pendency of the action, and that each had bound itself in the sum of $1,000 for the faithful performance of the duties of his office by its respective bonded officer.  Judgment is prayed for as against each surety in the sum of $1,000.

The respective answers of the surety companies admit that each was surety upon the official bond of its police officer, for whose faithful performance of official duty it stood bound.  It is admitted that the officers searched the plaintiff's premises for illegally possessed liquor, and it is denied that the officers assaulted anyone.  It is averred that the officers did not violate any of the rights possessed by the plaintiff, and it is denied that she suffered any damage.  It is further pleaded that on February 9, 1934, judgment was rendered against the police officers by default, and such was due to the fact that their defense was undertaken by the city solicitor, who retired from office on January 1, 1934; and that without knowledge upon the part of the officers the solicitor ceased to represent them, and that the default judgment entered against them was without their knowledge and without opportunity to defend.  Each surety denies generally the remaining averments of the plaintiff's petition.

To these answers the plaintiff filed a demurrer, special in character, attacking the portions thereof which pertain to the averments that put in issue the matters previously litigated in the plaintiff's suit against the police officers. These demurrers were sustained, and the sureties not desiring to plead further judgment was entered against them. Error is prosecuted from the judgment so entered.

The error complained of is in that the court misconceived the law, and that it should have overruled the demurrers. There is, therefore, presented to this court the question: Can the matters and things adjudicated in an action by an injured party against police officers for misconduct in their official capacity be relitigated in a subsequent suit by the injured party against the bondsmen of the police officers, whose faithful performance they had guaranteed, when the prior judgment is uncollectible and the sureties had no knowledge of the pendency of the action against the police officers? In other words, is the prior judgment *res judicata* of the issue sought to be made by the answers of the sureties?

The question presented is not new, and this court is only concerned with the solution of the proper rule that shall be applied in such case.

The authorities are divided into three different groups as to the status of a judgment against a principal in an action thereafter brought against the sureties on an official bond. First, it is held that the judgment has no value as against the sureties and is therefore inadmissible in evidence in an action to enforce their liability, for the reason that the sureties had not stipulated by the letter of their bond that they would abide or be bound by a judgment against their principal, and the rule of *strictissimi juris* therefore applies. In support of this view another reason is found in that sureties, being without notice, are denied their

day in court, and that, as there is no presumption of liability against the principals in the first instance, to hold that a judgment against them is *prima facie* evidence against them, is to say that the sureties start with a presumption of liability against them, and that such is contra to the well-recognized rule that the burden of proof is upon the plaintiff, and that the indulgence of such a presumption places the burden upon defendants to show their non-liability. A leading case which adopts this theory is found in *Rodini* v. *Lytle,* 17 Mont., 488, 43 P., 501, 52 L. R. A., 165.

The second view is that the prior judgment against the principal is at least presumptive evidence as against the sureties upon their official bond. In other words, that the introduction of the judgment in evidence establishes a *prima facie* case against the sureties, but is not conclusive. This is, without doubt, the majority view, and is based upon the reason that by this rule the right is reserved to the sureties thereby to interpose any defenses they may have, and to be fully heard on the merits. It has frequently been admitted by some of the courts adopting this rule that the principle of the first of the three rules is more easily sustainable than the second, except in cases where there has been fraud or collusion, but that convenience and public policy require its adoption. Leading cases selecting this theory are to be found in *Beauchaine* v. *McKinnon,* 55 Minn., 318, 56 N. W., 1065, 43 Am. St. Rep., 506; *People* v. *Mersereau,* 74 Mich., 687, 42 N. W., 153; *City of Lowell* v. *Parker,* 51 Mass. (10 Met.), 309, 43 Am. Dec., 436.

The third rule applied in some jurisdictions holds that principal and sureties are privy to the act, and, therefore, the judgment against the principal is held to be absolutely conclusive as against the sureties. See *Dennie* v. *Smith,* 129 Mass., 143.

The Supreme Court of this state having at an early

date considered the precise question here presented, and having made choice of the rule to be followed in this state, this court is not at liberty to pursue its own choice as to the rule applicable. The rule in Ohio must be and is as stated in *State, for the Use of Fulton & Co.,* v. *Colerick, Sheriff,* 3 Ohio, 488, wherein it is held:

"We take the distinction to be, that where the sureties have notice of the suit, and may, or do make defense, the judgment against the principal is conclusive against them. Where such notice is not given, the judgment against the principal is *prima facie* only."

The case of *Westerhaven* v. *Clive,* 5 Ohio, 136, presents a like conclusion. Thereafter, in *State, for the Use of Story,* v. *Jennings,* 14 Ohio St., 73, the Supreme Court further considered the question here presented, the only difference being in that in the present cases the surety only is sued. It is decided as follows in the *Jennings case:*

"In an action against a constable and his sureties on his official bond for taking the property of the plaintiff, under a writ of replevin against a third person, a verdict and judgment against the constable, in an action of trespass for taking the property, is admissible as *prima facie* evidence, although the sureties had no notice of the action against the constable."

There appears a later case, that is *Jayne's Exrx.* v. *Platt,* 47 Ohio St., 262, 24 N. E., 262, 21 Am. St. Rep., 810, which comments on the *Jennings case.* It is said therein that it was not necessary to go to the extent indicated in the earlier case. That may or may not be true, but the *Jennings case* did so hold. The later case does not overrule it, even though it seems to lean to the doctrine of conclusiveness of the judgment. *Jayne* v. *Platt* is not adverse to the *Jennings case,* which was decided upon the authority of *State* v. *Colerick, supra,* but rather sustains it, for, as we would

point out, *Jayne* v. *Platt* presented a question of the liability of sureties upon an attachment bond, a bond given to take the place of the property attached. Such a bond is conditioned that if the litigant fails, his bondsmen shall be liable. One becomes a bondsman in such case with full knowledge of the law then existing and with full notice and knowledge that his liability is dependent upon the outcome of the attachment suit. There is no want of notice in such cases. We mean to convey the thought that the surety in such case has notice, and having notice and opportunity to defend himself as against liability the judgment should be conclusive as against him. In *State* v. *Jennings* there was no notice or opportunity to defend, as in the present case. If the *Jennings case* went too far, it did nevertheless adopt a rule in consonance with the majority holding, which was decisive of the case. We feel that it may be said with equal grace that it was hardly necessary in *Jayne* v. *Platt* to distinguish *State* v. *Jennings*.

In *Richardson* v. *Peoples' National Bank of Jamestown*, 57 Ohio St., 299 (316), 48 N. E., 1100, the court points out that in the absence of fraud or mistake a surety on a replevin bond is concluded by a judgment against his principal, and that the same is true of a guardian's and administrator's bond; the theory, of course, being that a surety has purposely intervened and so become bound in a pending proceeding, of all of which he is presumed to and does have notice. Such a surety covenants against that which is then in the course of settlement or litigation. Such is not true in the present instance, or in the *Jennings case*. The plaintiffs in error did not give a bond in a pending matter or suit, and had no notice or opportunity to defend in the litigation that thereafter grew out of their principal's act in the course of his official duty. Had the answers admitted notice and knowledge of the suit

against their principal, or had they defended the suit or had opportunity to defend, then we would quickly hold the demurrer to the answers to have been well taken.

The case of *Riley* v. *Walker,* 42 W. L. B., 275, affirmed in 60 Ohio St., 626, is further significant. In that action a constable in the service of a writ committed a trespass. The injured party sued the officer for damages and recovered a judgment. Being unable to collect thereon, suit was begun against the constable and his bondsmen on their official bond to recover the amount of the judgment. The same acts of violence alleged in the first petition against the constable were pleaded in the second suit. The bondsmen demurred to this petition, and this the Common Pleas Court sustained. The Circuit Court reversed this judgment, and of this the Supreme Court approved. The importance of this affirmance is in that it was not held that the judgment was *res judicata* of the second suit. It is a poor rule which would so hold where sureties complain, but deny the right to relitigate when the injured party insists that the prior suit is *res judicata.* The Supreme Court in affirmance of this judgment inferentially recognizes that the prior judgment is not conclusive against the sureties.

*State* v. *Jennings* standing unreversed is to us the law of this state. It should be followed by this court. The judgment is therefore reversed and the cause remanded to the Court of Common Pleas with instructions to overrule the demurrer, and for such further proceedings as may be proper.

*Judgment reversed and cause remanded.*

LEMERT and MONTGOMERY, JJ., concur.