[Cite as *FirstMerit Bank N.A. v. Inks*, 2012-Ohio-5155.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

FIRSTMERIT BANK, N.A.

    Appellee

    v.

DANIEL E. INKS, et al.

    Appellants

C.A. No.     25980
               26182

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2011-05-2676

DECISION AND JOURNAL ENTRY

Dated: November 7, 2012

DICKINSON, Judge.

INTRODUCTION

**{¶1}** Daniel Inks, Deborah Inks, David Slyman, and Jacqueline Slyman guaranteed that Ashland Lakes LLC would repay a $3,500,000 loan from FirstMerit Bank N.A. When Ashland Lakes defaulted, FirstMerit sued the Slymans and Inkses to recover the balance of the loan. The trial court awarded judgment to FirstMerit based on confessions of judgment entered by the Slymans and Inkses under warrants of attorney. The Slymans and Inkses have appealed, arguing that the court incorrectly awarded judgment to FirstMerit based on the confessions because the confessing lawyer did not produce the original warrants of attorney, as required under Section 2323.13(A) of the Ohio Revised Code. After filing their appeal, the Slymans and Inkses moved the trial court for relief from judgment, arguing that FirstMerit was not entitled to recover from them because it had entered into an oral forbearance agreement with Ashland Lakes. We remanded the action to the trial court so that it could rule on the motion. Following a hearing,

the court denied the motion, concluding that the Slymans and Inkses' forbearance-agreement argument was barred by the doctrine of issue preclusion and the Statute of Frauds. It also concluded that, even if their argument was not barred, they had not demonstrated that FirstMerit and Ashland Lakes entered into a forbearance agreement. The Slymans and Inkses have appealed from that decision also. We affirm the judgment in case number 25980 because the record does not establish that the original warrants of attorney were not produced at the time the lawyer confessed judgment. We reverse and remand in case number 26182 because the court applied the incorrect standard to determine whether the Slymans and Inkses are barred by res judicata from asserting their forbearance-agreement defense, the statute of frauds does not bar their defense, and the court incorrectly considered the merits of their defense in determining whether to grant relief from judgment.

## BACKGROUND

{¶2}   FirstMerit loaned $3,500,000 to Ashland Lakes, which it secured with a mortgage of Ashland Lakes' property and by requiring the Slymans and Inkses to guarantee the loan. After Ashland Lakes defaulted on the loan, it entered into a series of written forbearance agreements with FirstMerit. When those agreements expired, FirstMerit foreclosed on the mortgage. It succeeded, and an auction of the property was scheduled for March 9, 2011.

{¶3}   Despite the result of the foreclosure action, Ashland Lakes and FirstMerit continued to negotiate another forbearance agreement. According to Mr. Inks, at a meeting on January 7, 2011, the parties discussed an agreement under which Ashland Lakes would pay FirstMerit $1,300,000 at an undetermined time plus an additional $300,000 by October 15 of that year. Following the meeting, Ashland Lakes obtained a commitment letter from Westfield Bank, agreeing to finance part of the $1,300,000. On February 14, Mr. Inks sent the commitment letter

to FirstMerit. FirstMerit determined that the letter was insufficient to move forward with a forbearance agreement, however, because it contained some contingencies that FirstMerit thought could not be satisfied.

{¶4} According to Mr. Inks, on March 3, he followed up with FirstMerit about the forbearance agreement and was told that he would receive a term sheet memorializing the terms of the agreement by the next morning. When he received the term sheet, it contained a $200,000 deposit requirement and a $9000 appraisal fee that the parties had not previously discussed. On March 7, he called FirstMerit and told a representative that he could only raise $150,000 for a deposit, which the representative said was "doable." Shortly after the call, the representative delivered a written copy of the forbearance agreement, which still contained the $200,000 deposit requirement. Mr. Inks called the representative again and was told that, if he could produce $150,000 for the deposit and $9000 for the appraisal by the next day, the bank would postpone the auction. Mr. Inks said that, on the morning of March 8, the representative again told him that, if he could deliver $150,000 to him that day, he would postpone the auction. Mr. Inks told the representative that he would call him later in the day with details on how he would deliver the money. When Mr. Inks attempted to contact the representative later, however, the representative did not answer his phone. The representative finally returned his calls near the end of the day, but told him that it was too late to stop the auction.

{¶5} After the auction, Ashland Lakes moved to set it aside, arguing that FirstMerit had breached the oral forbearance agreement. The common pleas court rejected its argument, concluding that it had failed to establish that such an agreement existed. FirstMerit subsequently filed this action to recover the balance owed by Ashland Lakes from the Slymans and Inkses. The trial court entered judgment against the Slymans and Inkses based on their confessions of

judgment. The Slymans and Inkses moved for relief from judgment, but the court denied their motion. The Slymans and Inkses have appealed the court's judgment and its order denying their motion for relief from judgment.

## WARRANTS OF ATTORNEY

{¶6} The Slymans and Inkses' assignment of error in case number 25980 is that the trial court incorrectly entered judgment against them based on confessions of judgment. They have argued that the confessions were invalid because the lawyer who submitted them did not present the court with their original warrants of attorney.

{¶7} Under Section 2323.13(A) of the Ohio Revised Code, "[a]n attorney who confesses judgment in a case, at the time of making such confession, must produce the warrant of attorney for making it to the court before which he makes the confession." "Warrants of attorney to confess judgment are to be strictly construed, and court proceedings based on such warrants must conform in every essential detail with the statutory law governing the subject." *Lathrem v. Foreman*, 168 Ohio St. 186, paragraph one of the syllabus (1958).

{¶8} The Slymans and Inkses have cited *Lathrem* in support of their argument that the lawyer who confessed judgment had to produce their original warrants of attorney. In *Lathrem*, the Ohio Supreme Court explained that, since Section 2323.13 "requires the production of the warrant of attorney to the court at the time of confessing judgment, . . . [if] the original warrant has been lost and can not be produced, the court, . . . lacks the power and authority to . . . enter judgment by confession . . . ." *Lathrem v. Foreman*, 168 Ohio St. 186, paragraph two of the syllabus (1958); *Huntington Nat'l Bank v. 199 S. Fifth St. Co.*, 10th Dist. No. 10AP-1082, 2011-Ohio-3707, ¶ 21 ("[T]he language of [Section] 2323.13(A) . . . requires an attorney confessing

judgment to present the original warrant of attorney to the trial court at the time the attorney makes the confession[.]").

{¶9} The record does not indicate whether the lawyer who confessed judgment presented the trial court with the original warrants of attorney or merely copies of them. The fact that the record contains only copies of the warrants is not determinative because Section 2323.13(A) allows "[t]he original or a copy of the warrant [to] be filed with the clerk." *See Huntington Nat'l Bank v. 199 S. Fifth St. Co.*, 10th Dist. No. 10AP-1082, 2011-Ohio-3707, ¶ 21 (noting that, after producing the original warrant of attorney, "the plaintiff may then choose to file either the original warrant or a copy of it with the clerk for purposes of maintaining the record."). As the Tenth District Court of Appeals explained in *Huntington National Bank*, "[r]equiring the attorney confessing judgment to produce the original warrant of attorney provides a minimal level of assurance that the note is authentic and actually exists, while allowing the plaintiff to file a copy of the warrant with the clerk allows the plaintiff to retain control of the instrument after it is presented to the court if the plaintiff so chooses." *Id*. at ¶ 20.

{¶10} The Slymans and Inkses bear the burden on appeal of establishing that the trial court did not have jurisdiction to enter judgment based on their confessions. *Knapp v. Edwards Labs.*, 61 Ohio St. 2d 197, 199 (1980) ("[A]n appellant bears the burden of showing error by reference to matters in the record."); *Howiler v. Connor*, 9th Dist. No. 10648, 1982 WL 2779, *1 (Oct. 6, 1982) ("In courts of general jurisdiction a legal presumption arises in favor of jurisdiction, want of which must be affirmatively demonstrated on the record."). The record does not indicate that the lawyer who confessed judgment for the Slymans and Inkses failed to produce the original warrants of attorney to the trial court. Accordingly, the Slymans and Inkses have not established that the trial court lacked jurisdiction to enter judgment against them. We

note that this case is distinguishable from *Huntington National Bank* because, in that case, it was undisputed that the bank "[a]t no time . . . provide[d] the trial court with the original note or commercial guaranties." *Huntington Nat'l Bank v. 199 S. Fifth St. Co.*, 10th Dist. No. 10AP-1082, 2011-Ohio-3707, ¶ 4. The Slymans and Inkses' assignment of error in case number 25980 is overruled.

MOTION FOR RELIEF FROM JUDGMENT

{¶11} The Slymans and Inkses' assignment of error in case number 26182 is that the trial court incorrectly denied their motion for relief from judgment under Rule 60(B) of the Ohio Rules of Civil Procedure. Under Civil Rule 60(B), a trial court "may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied . . . ; or (5) any other reason justifying relief from the judgment." "The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment . . . ." Civ. R. 60(B). Interpreting Rule 60(B), the Ohio Supreme Court has held that, "[t]o prevail . . . , the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time . . . ." *GTE Automatic Elec. Inc. v. ARC Indus. Inc.*, 47 Ohio St. 2d 146, paragraph two of the syllabus (1976). This Court has recognized that, "[if] the relief from judgment sought is on a cognovit note, ' . . . relief . . . is warranted by authority of Civ.R. 60(B)(5) [if] the movant (1) establishes a meritorious defense, (2) in a timely application.'" *Brown-Graves Co. v. Caprice Homes Inc.*, 9th Dist. No. 20689,

2002 WL 347322, *3 (Mar. 6, 2002) (quoting *Meyers v. McGuire*, 80 Ohio App. 3d 644, 646 (1992)).

RES JUDICATA

{¶12}  The Slymans and Inkses have argued that the trial court incorrectly concluded that the argument that they made in their motion for relief from judgment is barred by the doctrine of res judicata.  In their motion, the Slymans and Inkses argued that they have a meritorious defense because FirstMerit entered into a forbearance agreement with Ashland Lakes.  The trial court determined that they were barred from raising that defense because the same issue was decided in FirstMerit's action against Ashland Lakes and the Slymans and Inkses are in privity with Ashland Lakes.

{¶13}  "Res judicata operates as 'a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them.'"  *Brown v. City of Dayton*, 89 Ohio St. 3d 245, 247 (2000) (quoting *Johnson's Island Inc. v. Danbury Twp. Bd. of Trs.*, 69 Ohio St. 2d 241, 243 (1982)).  The Slymans and Inkses have conceded that their forbearance-agreement defense is the same defense that Ashland Lakes raised in its motion to set aside the auction in FirstMerit's foreclosure action.  They have argued, however, that they are not in privity with Ashland Lakes.

{¶14}  According to the Ohio Supreme Court, "[w]hat constitutes privity in the context of res judicata is somewhat amorphous.  A contractual or beneficiary relationship is not required: 'In certain situations . . . a broader definition of privity is warranted.  As a general matter, privity is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata.'"  *Brown v. City of*

*Dayton*, 89 Ohio St. 3d 245, 248 (2000) (quoting *Thompson v. Wing*, 70 Ohio St. 3d 176, 184 (1994)).

{¶15} The Slymans and Inkses, citing *National City Bank v. The Plechaty Companies*, 104 Ohio App. 3d 109 (8th Dist. 1995), have argued that the guarantor of a loan is never in privity with the debtor. The case that the Eighth District Court of Appeals cited for that proposition was *Woodward v. Moore*, 13 Ohio St. 136 (1862). *Plechaty Cos.*, 104 Ohio App. 3d at 115. In *Woodward*, Ebenezer Woodward sold to Chapman & McKernan his right to collect a judgment that he had against Jonathan Hall. As part of the sale, Mr. Woodward guaranteed that, if Chapman & McKernan could not collect the judgment, he would pay them $400. Chapman & McKernan sued Mr. Hall in Iowa. Mr. Hall defended by claiming that the suit was barred by the statute of limitations and that the judgment had been paid. Following a trial to the bench, the court found in favor of Mr. Hall. *Woodward*, 13 Ohio St. at 137.

{¶16} After Chapman & McKernan's lawsuit failed, they assigned their rights to Sydney Moore. *Woodward v. Moore*, 13 Ohio St. 136, 137-38 (1862). Mr. Moore sued Mr. Woodward on his guaranty, arguing that Mr. Woodward knew that the judgment had already been satisfied at the time he sold it to Chapman & McKernan. At trial, Mr. Moore submitted the record of the Iowa case as his only evidence. Mr. Woodward attempted to testify that the judgment was, in fact, still unpaid, but the trial court sustained an objection to his statement. A jury ruled in favor of Mr. Moore. *Id*. at 140.

{¶17} The Ohio Supreme Court reversed the judgment against Mr. Woodward. It determined that, at the time Mr. Woodward sold the judgment to Chapman & McKernan, the three of them had an understanding that the judgment could be enforced against Mr. Hall. *Woodward v. Moore*, 13 Ohio St. 136, 143 (1862). When Mr. Hall asserted the defense of

payment, therefore, Chapman & McKernan should have notified Mr. Woodward. *Id*. Because Mr. Woodward did not receive notice of the defense, "[t]he most that could be claimed of the effect . . . of the record of the proceedings [against Mr. Hall], would be to make a prima facie case for [Mr. Moore]." *Id*. at 144. "Had notice been given to Woodward of the pendency of the suit [against Mr. Hall] and of the defense set up, it might have been his duty in that action to sustain the validity of the judgment he had assigned. Having received no such notice, he is not precluded from showing in the action against him that the judgment he assigned was a valid and subsisting judgment, and that had proper diligence been used in the conduct of the suit against Hall, his defense to that suit would not have been successful." *Id*. The Supreme Court, therefore, concluded that, under the facts of the case, res judicata did not bar Mr. Woodward from testifying about whether Mr. Hall had satisfied the judgment.

{¶18} Regarding whether a guarantor is bound by a suit against the debtor, the Restatement of the Law of Security provides that, "[if], in an action by a creditor against a principal, judgment is given, other than by default or confession, in favor of the creditor, and the creditor subsequently brings an action against the surety, proof of the judgment in favor of the creditor creates a rebuttable presumption of the principal's liability to the creditor." Restatement of the Law 1st, Security, Section 139 (1941). As explained in the comments to the rule, it "expresses a middle ground between the possible rule that a judgment against the principal is conclusive of the principal's liability, even in an action against the surety, and that such a judgment is evidence only of the fact of its rendition. It is inequitable to bind the surety conclusively by a judgment to which he is not a party. On the other hand, it is not unfair to make a rebuttable presumption of the regularity of the judicial proceedings antecedent to the judgment and of the correctness of the judgment as evidence of the principal's liability. Under [this] rule .

. . , it is open to the surety to prove if he can that judgment should have been rendered for the principal." *Id*. The Restatement specifically identifies two defenses that may rebut the presumption of regularity: fraud and collusion. *Id*. Some courts have also allowed a surety to present defenses that were not "actually adjudicated" in the action against the debtor. *City of Pasco v. Pacific Coast Cas. Co.*, 172 P. 566, 567 (Wash. 1918).

{¶19} Several states have explicitly adopted the Restatement's position or taken a similar view. *Motion Picture Indus. Pension Plan v. Hawaiian Kona Coast Assocs.*, 823 P.2d 752, 758 (Hawaii App. 1991); *South County Sand & Gravel Inc. v. Nat'l Bonding & Accident Ins. Co.*, R.I. App. No. 82-327, 1989 WL 1110278, *3 (May 17, 1989); *Von Eng'g Co. v. R.W. Roberts Constr. Co. Inc.*, 457 So. 2d 1080, 1082 (Fla. App. 1984); *Indiana Univ. v. Indiana Bonding & Sur. Co.*, 416 N.E.2d 1275, 1285 (Ind. App. 1981). We agree with the Restatement approach, which is consistent with *Woodward*. In *Woodward*, the Supreme Court did not declare an inflexible rule regarding privity, but based its decision on the fact that Mr. Woodward did not know that Mr. Hall had asserted the defense of payment and did not have an opportunity to contest Mr. Hall's assertion. Just as the Restatement approach allows a guarantor to contest the regularity of the proceedings against the debtor, the Ohio Supreme Court determined that, under the circumstances of the case, Mr. Woodward should have been allowed to demonstrate that the debt, in fact, had not yet been paid. *Woodward v. Moore*, 13 Ohio St. 136, 144 (1862); *see also Jaynes v. Platt*, 47 Ohio St. 262, 274 (1890) (holding that, in an action on an attachment bond, a judgment against the debtor "is not only the best, but the only, evidence, and, until impeached for fraud, collusion, or manifest mistake, ought to be held conclusive").

{¶20} In this case, the trial court examined whether there was a mutuality of interest between Ashland Lakes and the Slymans and Inkses. Although that is an important part of the

privity determination, the court should also have considered whether the common pleas court in the case against Ashland Lakes gave appropriate consideration to Ashland Lakes' forbearance-agreement defense. *See O'Nesti v. DeBartolo Realty Corp.*, 113 Ohio St. 3d 59, 2007-Ohio-1102, ¶ 9 ("'[M]utuality of interest, including an identity of desired result' might also support a finding of privity.") (quoting *Brown v. City of Dayton*, 89 Ohio St. 3d 245, 248 (2000)). The Slymans and Inkses specifically argued in their post-hearing brief in this case that "Ashland Lakes was not provided a full and fair opportunity to litigate the issue of whether an oral settlement agreement was entered into by Ashland Lakes and [FirstMerit]." The trial court, however, failed to analyze that issue in its decision. Because the trial court did not analyze whether the Slymans and Inkses have overcome the rebuttable presumption of regularity in the case between FirstMerit and Ashland Lakes we sustain their assignment of error and remand for the trial court to decide that issue in the first instance.

## STATUTE OF FRAUDS

**{¶21}** Independent of its privity determination, the trial court also determined that the Slymans and Inkses' forbearance-agreement defense was barred by the statute of frauds. Under Section 1335.02(B) of the Ohio Revised Code, "[n]o party to a loan agreement may bring an action on a loan agreement unless the agreement is in writing and is signed by the party against whom the action is brought or by the authorized representative of the party against whom the action is brought." The trial court determined that the alleged forbearance agreement was a "[l]oan agreement" under Section 1335.02(A)(3) and, therefore, had to be in writing to be enforceable.

**{¶22}** By its plain language, Section 1335.02(B) prohibits a party from "bring[ing] an action on a loan agreement" unless the agreement is in writing. In this case, the Slymans and

Inkses did not attempt to "bring an action" against FirstMerit, they merely raised the oral forbearance agreement as a defense to FirstMerit's action against them. Accordingly, the trial court incorrectly concluded that their defense was barred under the statute of frauds. R.C. 1335.02(B); *see also* R.C. 1335.05 (providing that "[n]o action shall be brought . . . upon a contract or sale of lands . . . unless the agreement upon which such action is brought . . . is in writing . . . .").

## MERITORIOUS DEFENSE

**{¶23}** The trial court further determined that the Slymans and Inkses' argument about the oral forbearance agreement was barred because the parties to the alleged agreement intended that any such agreement be in writing. It is not clear from the court's opinion what part of the Civil Rule 60(B) analysis it was engaging in when it made this statement. The court had already concluded that the Slymans and Inkses "have asserted operative facts that demonstrate that they have a meritorious defense that could justify relief from judgment." Nevertheless, it examined the record and determined that it was "the parties' clear intent that any forbearance be in writing to be enforceable." It also wrote that the "facts conclusively establish that both [the Slymans and Inkses] and FirstMerit manifested an intention not to be bound absent execution of a written agreement."

**{¶24}** According to the Ohio Supreme Court, "[u]nder [Civil Rule] 60(B), a movant's burden is only to allege a meritorious defense, not to prove that he will prevail on that defense." *Rose Chevrolet Inc. v. Adams*, 36 Ohio St. 3d 17, 20 (1988). We conclude that, by determining that the parties' course of dealings established that the alleged forbearance agreement would have had to be in writing, the trial court exceeded the scope of its authority under Rule 60(B).

The court did not merely examine whether the Slymans and Inkses had alleged a meritorious defense, it improperly evaluated whether they had proved that defense.

CONCLUSION

{¶25} The trial court correctly entered judgment for FirstMerit based on the Slymans and Inkses' confessions of judgment. The court, however, incorrectly analyzed whether the Slymans and Inkses are bound by the judgment against Ashland Lakes, incorrectly applied the statute of frauds, and incorrectly evaluated the merits of their forbearance-agreement defense. The judgment of the Summit County Common Pleas Court in case number 25980 is affirmed. The judgment of the common pleas court in case number 26182 is reversed, and this matter is remanded for proceedings consistent with this decision.

Judgments affirmed in part,
reversed in part,
and causes remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
CLAIR E. DICKINSON
FOR THE COURT


CARR, P. J.
CONCURS.

BELFANCE, J.
CONCURRING IN JUDGMENT ONLY.

{¶26} I concur in the majority's resolution of case of number 25980 and concur in the judgment of its resolution of case number 26182.

{¶27} In case number 26182, the Inkses and Slymans appealed the denial of their Civ.R. 60(B) motion. The trial court incorrectly concluded that res judicata barred the Inkses and Slymans from raising their alleged meritorious defense. Because FirstMerit has not established the elements of the defense, I concur in the majority's judgment.

{¶28} "[B]efore res judicata/collateral estoppel can apply one must have a final judgment." (Internal quotations and citation omitted.) *McDowell v. DeCarlo*, 9th Dist. No. 23376, 2007-Ohio-1262, ¶ 7. Further, the party seeking to use the defense has the burden of establishing that it applies. *See Fraternal Order of Police, Akron Lodge No. 7 v. Akron*, 9th Dist. No. 23332, 2007-Ohio-958, ¶ 12. In the instant matter, FirstMerit has not demonstrated that the order which it believes has a preclusive effect is a final judgment. During the course of the proceedings below, it does not appear that a confirmation of sale decree was ever actually entered. It appears that the trial court in the foreclosure case overruled Ashland Lakes' objection to the confirmation of sale concerning the alleged oral forbearance agreement. However, it

cannot be assumed that a final judgment was rendered by pointing to the trial court's ruling. Throughout the proceedings in the instant matter, FirstMerit indicated that it expected the confirmation decrees "shortly[]" or "any day." Absent a final judgment confirming the sale, FirstMerit cannot meet its burden to demonstrate that principles of res judicata are applicable. *See Emerson Tool, LLC v. Emerson Family Ltd. Partnership*, 9th Dist. No. 24673, 2009-Ohio-6617, ¶ 13-14.

{¶29} Further, even assuming a final judgment existed in the foreclosure case, I cannot conclude that the trial court considered the applicable law concerning the specific relationship between a debtor/principal, a creditor, and a guarantor/surety and the effect that a prior judgment against the debtor/principal has in a suit between the creditor and the guarantor/surety. The Supreme Court of Ohio has stated that "where the sureties have notice of the suit, and may, or do make defense, the judgment against the principal is conclusive against them. Where such notice is not given, the judgment against the principal is prima facie only. It may be impeached for collusion, or for mistake." *State v. Colerick,* 3 Ohio 487, 487-488 (1828); *see also State v. Jennings*, 14 Ohio St. 73, 76 (1862); 52 Ohio Jurisprudence 3d, Guaranty and Suretyship, Section 269 (2012); *see generally Standard Acc. Ins. Co. v. Hattie Fid. & Cas. Co.*, 50 Ohio App. 206 (5th Dist.1935). Consistent among the above authorities is the notion that the guarantor receives notice and an opportunity to defend, prior to the judgment having a preclusive effect. *Colerick* at 487-488; *Standard Acc. Ins. Co.* at 209-210; 52 Ohio Jurisprudence 3d at Section 269. It is clear from the trial court's entry that it did not consider this law and whether FirstMerit has met its burden under the law. Accordingly, I would reverse the trial court's judgment.

APPEARANCES:

SCOTT H. KAHN and GREGORY J. OCHOCKI, Attorneys at Law, for Appellants.

BRETT A. WALL, PATRICK T. LEWIS, and SARA L. WITT, Attorneys at Law, for Appellee.