DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Regina D'Amore, appeals the decision of the Summit County Court of Common Pleas, which rendered judgment in favor of appellees, George Simon, Robert Risman, and Neil Viny. This Court reverses.
 I. {¶ 2} On May 25, 2004, appellees filed a complaint to enforce a cognovit note. An answer confessing judgment was filed on behalf of the appellants J. Harvey Crow and Regina D'Amore,[1] based upon a warrant of attorney contained within the cognovit note. Attorney Michael P. Cassidy admitted the allegations contained within the complaint pursuant to the warrant of attorney contained in the note. On May 26, 2004, the trial court entered its judgment in favor of appellees.
 {¶ 3} In response to the trial court's entry, appellant moved to vacate the judgment pursuant to Civ.R. 60(B) and asserted that the judgment was void for lack of subject matter jurisdiction. Before the trial court ruled on appellant's motion to vacate, appellant timely appealed to this Court. Appellant sets forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court erred in rendering a judgment against Defendant D'Amore on a cognovit note as it lacked subject matter jurisdiction."
 {¶ 4} In her sole assignment of error, appellant argues that the trial court lacked subject matter jurisdiction to render judgment against her. This Court agrees.
 {¶ 5} A judgment issued by a court without subject matter jurisdiction is void ab initio. Sparks v. Delicom Sweet Goods, Inc. (Dec. 20, 1999), 5th Dist. No. 99-CA-11, citing Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus. "In order for the trial court to be vested with jurisdiction, the confession must be made within the jurisdiction of the court in which any one of the makers reside or whether [sic] the warrant of attorney was signed. A second jurisdictional requirement is that the original warrant of attorney must be filed with the court. A third jurisdictional requirement is that the instrument not arise out of a consumer loan or transaction." (Citations omitted.) BankOne, Columbus, NA, v. W. Ohio Serv., Inc. (Oct. 12, 1989), 10th Dist. No. 89AP-394. The third requirement is at issue in the present case.
 {¶ 6} "[A] `warrant of attorney to confess judgment is to be strictly construed against the person in whose favor the judgment is given; * * * [and] the proceeding on a warrant of attorney to confess judgment should conform in every essential detail with the statutory law which governs such a proceeding.' * * * Strictly construing the warrant of judgment is required, as a confession of judgment is a quick process involving a forfeiture without the procedural safeguards provided by notice or an opportunity for a hearing." (Citations omitted.) Sunset Land Partnershipv. Trowsdell, 9th Dist. No. 20895, 2002-Ohio-4152, at ¶ 10.
 {¶ 7} R.C. 2323.13(E) provides, in relevant part:
"A warrant of attorney to confess judgment contained in any instrument executed on or after January 1, 1974, arising out of a consumer loan or consumer transaction, is invalid and the court shall have no jurisdiction to render a judgment based upon such a warrant."
 {¶ 8} In the present case, appellees failed to allege either in the complaint or specify on the face of the note itself that the cognovit note was not a consumer transaction or that it did not arise out of a consumer loan. See Taranto v. Wan-Noor (May 15, 1990), 10th Dist. No. 90AP-1.
 III. {¶ 9} Based on the foregoing, this Court finds that the trial court lacked jurisdiction to enter judgment on the cognovit note. Appellant's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded to that court with instructions to dismiss same for lack of subject mater jurisdiction.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellees.
Exceptions.
Slaby, P.J. Whitmore, J. Concur.
[1] Due to his death on or about August 19, 2004, J. Harvey Crow is not a party to this appeal.