[Cite as *Huntington Natl. Bank v. Clark*, 2014-Ohio-2629.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

HUNTINGTON NATIONAL BANK

    Appellee

    v.

CLARK DEVELOPMENT, INC., et al.

    Appellant

C.A. No.     26883


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2009-04-2807

DECISION AND JOURNAL ENTRY

Dated: June 18, 2014

---

MOORE, Presiding Judge.

{¶1} Defendant-Appellant, Melvin H. Clark, appeals from the April 19, 2013 judgment entry of the Summit County Court of Common Pleas. We reverse.

I.

{¶2} On April 9, 2009, Plaintiff-Appellee, Huntington National Bank, filed a complaint against Clark Development, Inc., Karen Clark, and Mr. Clark for failure to make the payments required by a cognovit promissory note ("note") and personal guaranties. The complaint asserted that, on March 21, 2005, Clark Development, Inc. executed and delivered to Unizan Bank, N.A. ("Unizan"), Huntington National Bank's predecessor in interest, a note in the amount of $1,500,317.92, at an interest rate of 6.5 percent per year. The complaint also asserted that Karen Clark and Melvin Clark executed certain unlimited guaranties in favor of Unizan.

{¶3} The note and guaranties contained the following language:

**WARNING- BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME A**

**COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE AND THE POWERS OF A COURT CAN BE USED TO COLLECT FROM YOU REGARDLESS OF ANY CLAIMS YOU MAY HAVE AGAINST THE CREDITOR WHETHER FOR RETURNED GOODS, FAULTY GOODS, FAILURE ON HIS PART TO COMPLY WITH THE AGREEMENT, OR ANY OTHER CAUSE.**

(Emphasis sic.) Additionally, as of April 3, 2009, the note had an outstanding balance of $1,312,135.90, plus interest, costs, advances, and attorney fees. A warrant attorney filed an answer confessing judgment on behalf of Mr. Clark and the other defendants, and the trial court entered judgment for Huntington National Bank.

{¶4} On January 10, 2013, Mr. Clark moved to vacate the cognovit judgment, pursuant to Civ.R. 60(B)(5), alleging that it was void ab initio, against public policy, and voidable due to the existence of several meritorious defenses. Mr. Clark then filed a substitute motion, making the same arguments as before, and also adding an argument regarding a contemporaneous case pending in another county. The substitute motion was supported by Mr. Clark's affidavit.

{¶5} Huntington National Bank filed responses in opposition to Mr. Clark's motions, asserting that they should be denied because they are untimely and do not set forth a meritorious defense.

{¶6} The trial court denied Mr. Clark's motion without a hearing[1], stating that:

---

[1] We note that, in its judgment entry, the trial court incorrectly relied upon the Civ.R. 60(B) standard in *GTE Automatic Electric, Inc. v. ARC Industries, Inc.* 47 Ohio St.2d 146 (1976), instead of the modified standard for cognovit judgments. *See Stojkoski v. Main 271 S., LLC*, 9th Dist. Summit No. 25407, 2011-Ohio-2117, ¶ 5 (stating "[c]onsequently, a movant seeking to vacate a cognovit judgment faces a less demanding burden of proof. If the motion for relief was timely filed, the movant need only demonstrate [t]he existence of a valid defense to all or part of a claim in order to obtain relief." (Internal quotations and citations omitted.)) *Accord Meyers v. McGuire,* 80 Ohio App.3d 644, 646 (9th Dist.1992) (noting that "[t]he prevailing view is that relief from a judgment taken upon a cognovit note * * * is warranted by authority of Civ.R. 60(B)(5) when the movant (1) establishes a meritorious defense, (2) in a timely application").

[Mr. Clark] asserts that he never received notice of the underlying cognovit judgment. [Mr.] Clark further asserts that there are issues as to whether the proceeds from the loan [] were used for consumer rather than commercial purposes and that there is a jurisdictional issue as to where the cognovit [note] was signed (because [Mr.] Clark lived in Florida). [Mr.] Clark raises further issues such as the potential impact of a receiver in a Federal case and the effect if any of settlement negotiations.

[Mr.] Clark asserts, without any evidence, that the signature on the Certified Mail card is not his signature. This Court finds that this self-serving denial of service is not accepted. Furthermore, even if service had not been accomplished in 2009 on the Cognovit Judgment, the multitude of other lawsuits would have put [Mr.] Clark on notice of the potential for other litigation. In fact, the foreclosure case pending before Judge Gallagher in this Courthouse was filed in October of 2011, over a year before the motion to vacate was filed herein.

[Mr.] Clark filed the motion to vacate on January 10, 2013, the same day as the Decree in Foreclosure was issued by Judge Gallagher, on the same commercial property.

[Mr.] Clark has offered no explanation for why the motion was not made within a reasonable time – at least from the filing of the foreclosure action. There are no operative facts or reasons justifying why [Mr.] Clark did not file this motion earlier.

{¶7} Mr. Clark timely appealed, and raises two assignments of error for our consideration.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED WHEN IT FAILED TO RECOGNIZE THE JURISDICTIONAL DEFECTS IN THE COGNOVIT JUDGMENT AT ISSUE[.]

{¶8} In his first assignment of error, Mr. Clark argues that, pursuant to R.C. 2323.12 and 2323.13, the trial court lacked subject matter jurisdiction to grant the cognovit judgment. Specifically, Mr. Clark argues that the trial court lacked subject matter jurisdiction because (1) there is no evidence that Huntington National Bank presented the original warrants of attorney at the time it confessed judgment, (2) the complaint did not include any reference to the 2007 agreements which modified and consolidated the 2005 note and guaranties, (3) it is impossible to

calculate the amount due on the note based upon the documentation provided by Huntington National Bank, and (4) execution of the cognovit guaranty in the state of Florida renders it invalid and unenforceable.

{¶9} In response, Huntington National Bank asserts that Mr. Clark's contentions are meritless for several reasons, including: (1) based upon this Court's decision in *FirstMerit Bank, N.A. v. Inks*, 9th Dist. Summit Nos. 25980, 26182, 2012-Ohio-5155, (reversed on other grounds by *FirstMerit Bank, N.A. v. Inks*, 138 Ohio St.3d 384, 2014-Ohio-789) Mr. Clark presented no evidence that the bank failed to produce the original warrants of attorney, (2) Huntington National Bank had no duty to keep the original note and guaranties on file with the trial court, and (3) at the time judgment was taken, Mr. Clark resided in Summit County, Ohio.

{¶10} We will first address Mr. Clark's argument that the record does not contain any evidence that Huntington National Bank presented the original warrants of attorney to the trial court at the time it confessed judgment.

{¶11} "[T]he statutory provisions at issue, R.C. 2323.12 and 2323.13, govern a trial court's jurisdiction over cognovit notes, 'and these statutory requirements must be met in order for a valid judgment to be granted upon a cognovit note, or for a court to have subject[]matter jurisdiction over it.'" *Huntington Natl. Bank v. 199 S. Fifth St. Co.*, 10th Dist. Franklin No. 10AP-1082, 2011-Ohio-3707, ¶ 9, quoting *Buehler v. Mallo,* 10th Dist. Franklin No. 10AP-84, 2010-Ohio-6349, ¶ 9, citing *Klosterman v. Turnkey-Ohio, L.L.C.,* 182 Ohio App.3d 515, 2009-Ohio-2508, ¶ 19 (10th.Dist.). "Jurisdictional challenges raise questions of law which require de novo review." *Adkins v. Adkins*, 9th Dist. Summit No. 23228, 2006-Ohio-6956, ¶ 19, citing *Smith v. Smith,* 9th Dist. Summit No. 21204, 2003-Ohio-1478, ¶ 10, citing *McClure v. McClure*, 119 Ohio App.3d 76, 79 (4th Dist.1997). Further, "[a] judgment issued by a court without

subject matter jurisdiction is void ab initio." *Simon v. Crow*, 9th Dist. Summit No. 22172, 2005-Ohio-1266, ¶ 5.

{¶12} R.C. 2323.13(A) states, in relevant part, that "[a]n attorney who confesses judgment in a case, at the time of making such confession, must produce the warrant of attorney for making it to the court before which he makes the confession. * * * The original or a copy of the warrant shall be filed with the clerk." In *Simon* at ¶ 6, this Court stated:

> [A] warrant of attorney to confess judgment is to be *strictly construed against the person in whose favor the judgment is given*; and the *proceeding* on a warrant of attorney to confess judgment *should conform in every essential detail with the statutory law* which governs such a proceeding. * * * Strictly construing the warrant of judgment is required, as a confession of judgment is a quick process involving a forfeiture without the procedural safeguards provided by notice or an opportunity for a hearing.

(Emphasis added.) (Internal citations and quotations omitted.) *See also Lathrem v. Foreman*, 168 Ohio St. 186 (1958), paragraph one of the syllabus. As such, "interpreting R.C. 2323.13(A) to require the production of the *original* warrant of attorney not only comports with the statutory language[,] but also is in accord with the general rule that we construe the statutory requirements strictly against the party seeking the cognovit judgment due to the extraordinary nature of the proceedings." (Emphasis added.) *199 S. Fifth Street Co.* at ¶ 20. "Requiring the attorney confessing judgment to produce the original warrant of attorney provides a minimal level of assurance that the note is authentic and actually exists[.]" *Id.*

{¶13} In its brief, Huntington National Bank urges us to rely upon *Inks*, 2012-Ohio-5155, and conclude that the trial court had subject matter jurisdiction over this matter, even though the record does not establish that Huntington National Bank produced the original warrants of attorney when confessing judgment. In *Inks* at ¶ 10, we stated that:

> The [appellants] bear the burden on appeal of establishing that the trial court did not have jurisdiction to enter judgment based on their confessions. *Knapp v.*

*Edwards Labs.,* 61 Ohio St.2d 197, 199 (1980). ("[A]n appellant bears the burden of showing error by reference to matters in the record."); *Howiler v. Connor,* 9th Dist. Summit No. 10648, 1982 WL 2779, *1 (Oct. 6, 1982) ("In courts of general jurisdiction a legal presumption arises in favor of jurisdiction, want of which must be affirmatively demonstrated on the record."). The record does not indicate that the lawyer who confessed judgment for the [appellants] failed to produce the original warrants of attorney to the trial court. Accordingly, the [appellants] have not established that the trial court lacked jurisdiction to enter judgment against them.

{¶14} We note that, prior to *Inks*, this Court addressed jurisdictional requirements for cognovit judgments in *Simon*, 2005-Ohio-1266. In *Simon* at ¶ 5-8, we reversed the judgment of the trial court for lack of subject matter jurisdiction where there was no evidence in the record that, pursuant to R.C. 2323.13(E), the instrument arose out of a commercial loan or transaction. In reversing the judgment, we stated that the "appellees failed to allege either in the complaint or specify on the face of the note itself that the cognovit note was not a consumer transaction or that it did not arise out of a consumer loan." *Id*. at ¶ 8.

{¶15} Further, in *Taranto v. Wan-Noor*, 10th Dist. Franklin No. 90AP-1, 1990 WL 63036, * 2 (May 15, 1990), the Tenth District Court of Appeals also reversed a cognovit judgment where the record was silent on whether a R.C. 2323.13 jurisdictional requirement was adhered to by the appellees. In reversing, the Tenth District reasoned:

> While R.C. 2323.13 does not expressly require a pleading averment relating to subsection (E), as a jurisdictional prerequisite a cognovit complaint should specifically address [the] same. In the alternative, the trial court must make some finding thereon *in the record*, at least in the entry rendering judgment.

(Emphasis sic.)

{¶16} Based upon the record before us, we find this matter analogous to *Simon* and *Taranto*, and conclude that it is appropriate to follow their logic because the jurisdictional requirements in R.C. 2323.13 must be strictly construed against the party in whose favor the judgment is given: Huntington National Bank. *See Simon* at ¶ 6; *see also 199 S. Fifth Street Co.*

at ¶ 20. Additionally, we agree that although R.C. 2323.13 does not *expressly* require a cognovit complaint to aver that its jurisdictional requirements have been satisfied, the cognovit complaint should specifically address this issue, or, alternatively, the trial court should make jurisdictional findings on the record. *See Taranto* at *2. This reasoning is sound because, in a cognovit action, the defendant has no notice of the hearing prior to judgment being rendered. At that point in time, if the record is completely silent as to whether the plaintiff adhered to the R.C. 2323.13 jurisdictional requirements, it would be nearly impossible for a defendant to challenge subject matter jurisdiction.

{¶17} Here, like the appellees in *Simon* and *Taranto*, Huntington National Bank also failed to allege a jurisdictional requirement in its complaint and/or affidavit. Specifically, Huntington National Bank failed to allege that it produced the original warrants of attorney at the time it confessed judgment to the trial court. The complaint indicates that copies of the note and guaranties were attached as exhibits, and the affidavit also indicates that copies of these documents were attached to the complaint. However, neither the complaint nor affidavit reflect that Huntington National Bank "conform[ed] in every essential detail with the statutory law," governing cognovit proceedings, by producing the original warrants of attorney at the time it confessed judgment. *Simon* at ¶ 6. Further, the trial court's judgment entry makes the following specific jurisdictional findings:

> Defendants are subject to the jurisdiction of the [c]ourt and [] Defendants' duly authorized attorney entered an appearance in this case and confessed on behalf of Defendants that all allegations set forth in the [c]omplaint are true and accurate. The [c]ourt further finds that the note and guaranties were not executed in connection with a consumer loan or a consumer transaction.

One could infer that if Huntington National Bank actually produced the original warrants of attorney, the trial court would have also made this jurisdictional finding along with the others in its judgment entry.

{¶18} Therefore, because there is no evidence in the record that Huntington National Bank strictly complied with R.C. 2323.13(A) by producing the original warrants of attorney at the time it confessed judgment, we conclude that the trial court lacked jurisdiction to enter judgment on the cognovit note. As such, we decline to further address the other alleged jurisdictional deficiencies set forth in Mr. Clark's first assignment of error.

{¶19} Accordingly, Mr. Clark's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO SCHEDULE A HEARING ON [MR. CLARK'S] MANY MERITORIOUS DEFENSES AFTER IT ERRONEOUSLY CONCLUDED [HIS] MOTION WAS NOT TIMELY.

{¶20} In his second assignment of error, Mr. Clark argues that the trial court erred in denying his Civ.R. 60(B) motion as untimely without first holding a hearing.

{¶21} Based upon our resolution of Mr. Clark's first assignment of error, we conclude that his second assignment of error is moot and decline to address it.

### III.

{¶22} In sustaining Mr. Clark's first assignment of error, and deeming his second assignment of error moot, the judgment of the Summit County Court of Common Pleas is reversed and this cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

 

 

CARLA MOORE
FOR THE COURT


WHITMORE, J.
HENSAL, J.
CONCUR.


APPEARANCES:

TODD PORTUNE, Attorney at Law, for Appellant.

STEVEN SHANDOR, Attorney at Law, for Appellee.