[Cite as *Lorain Natl. Bank v. Corna*, 2015-Ohio-432.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| LORAIN NATIONAL BANK | C.A. No.      13CA010472 |
|     Appellee | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| LUCINDA CORNA, et al. | COURT OF COMMON PLEAS<br>COUNTY OF LORAIN, OHIO |
|     Appellants | CASE No.      12CV177943 |

DECISION AND JOURNAL ENTRY

Dated: February 6, 2015

---

PER CURIAM.

{¶1} Lucinda Corna, Robert Corna, Ned Weingart, and Nancy Weingart appeal a judgment of the Lorain County Court of Common Pleas that denied the Cornas' motion to vacate cognovit judgment. For the following reasons, the appeal is dismissed in part and reversed in part.

I.

{¶2} In June 2008, the Cornas and Weingarts signed a cognovit promissory note with Lorain National Bank for $157,500. To secure payment of the note, Ms. Corna mortgaged a parcel of land located in Elyria. In 2012, the bank filed a complaint against the Cornas and Weingarts, alleging that they had defaulted on the note and seeking to foreclose on the mortgage. It obtained a cognovit judgment against them on the note. As the foreclosure action proceeded, only Mr. Corna filed an answer. The trial court entered a default judgment against Ms. Corna

and the Weingarts and, later, granted summary judgment to the bank with respect to Mr. Corna's interest in the property.

{¶3} After the Elyria property was sold at sheriff's sale, but before the trial court confirmed the sale, the Cornas moved to vacate the cognovit judgment pursuant to Civil Rule 60(B), arguing that the promissory note did not qualify as a cognovit note under Ohio Revised Code Section 2323.13(E) because it was a consumer loan. According to the Cornas, the sole purpose of the loan was to acquire the Elyria property to use as a personal residence for Mr. Corna. The bank opposed the Cornas' motion, and the trial court denied it without explanation. The Cornas and Weingarts have appealed, assigning two errors, which this Court will address together.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO GRANT RELIEF UNDER CIV. R. 60(B) FROM A COGNOVIT JUDGMENT THAT HAD BEEN IMPROPERLY ENTERED IN VIOLATION OF OHIO LAW IN AN ACTION ARISING FROM A CONSUMER LOAN AND TRANSACTION.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING A CIV. R. 60(B) MOTION FOR RELIEF FROM JUDGMENT CONTAINING ALLEGATIONS THAT WOULD, IF TRUE, WARRANT RELIEF UNDER CIV. R. 60(B) WITHOUT HOLDING A HEARING ON SUCH ALLEGATIONS.

{¶4} As a preliminary matter, we note that the parties have attempted to appeal the cognovit judgment and the judgment of foreclosure in addition to the order denying the Cornas' motion to vacate under Civil Rule 60(B). Only their appeal of the motion to vacate, however, is timely. *See* App.R. 4(A) (providing that a party shall file a notice of appeal within 30 days of the entry of the judgment or order appealed); *Key v. Mitchell*, 81 Ohio St.3d 89, 90-91 (1998) ("A

Civ.R. 60(B) motion for relief from judgment cannot be used * * * as a means to extend the time for perfecting an appeal from the original judgment."). The appeal is dismissed as it relates to the attempted appeal of the cognovit judgment and the judgment of foreclosure. We also note that the Weingarts were not a party to the motion to vacate. Because a party forfeits for appeal any arguments that they failed to raise in the trial court, the assignments of error are overruled as to the Weingarts. *Chiancone v. City of Akron*, 9th Dist. Summit No. 26596, 2014-Ohio-1500, ¶ 20.

{¶5} Regarding their motion to vacate, the Cornas argue that the trial court should have vacated the cognovit judgment because their loan was a consumer loan. They note that Revised Code Section 2323.13(E) provides that "[a] warrant of attorney to confess judgment contained in any instrument * * * arising out of a consumer loan or consumer transaction, is invalid and the courts shall have no jurisdiction to render a judgment based upon such a warrant."

{¶6} The requirements of Section 2323.13 "must be met in order for a valid judgment to be granted upon a cognovit note, or for a court to have subject matter jurisdiction over it." *Huntington Natl. Bank v. Clark*, 9th Dist. Summit No. 26883, 2014-Ohio-2629, ¶ 11, quoting *Huntington Natl. Bank v. 199 S. Fifth St. Co.*, 10th Dist. Franklin No. 10AP1082, 2011-Ohio-3707, ¶ 9. A judgment issued by a court that does not have subject matter jurisdiction is void ab initio. *Id.*

{¶7} Although the Cornas indicated that their motion to vacate was "pursuant to Civ.R. 60(B)," a party that argues that a judgment is void "should not file a Civ.R. 60(B) motion for relief from judgment in order to have [it] vacated or set aside, since Civ.R. 60(B) motions apply only to judgments that are voidable rather than void." *State ex rel. DeWine v. 9150 Group, L.P.*, 9th Dist. Summit No. 25939, 2012-Ohio-3339, ¶ 7, quoting *Beachler v. Beachler*, 10th Dist.

Franklin No. CA2006-03-007, 2007-Ohio-1220, ¶ 18. "This is because '[t]he power to vacate a void judgment does not arise from Civ.R. 60(B), but rather, from an inherent power possessed by the courts in this state.'" *Id*., quoting *Thomas v. Fick*, 9th Dist. Summit No. 19595, 2000 WL 727531, *2 (June 7, 2000). Instead, "a common law motion to vacate is the appropriate means by which to challenge a judgment that is void." *In re. R.P.*, 9th Dist. Summit No. 26271, 2012-Ohio-4799, ¶ 19. Despite the Cornas' improper framing of their argument, Ohio's district courts of appeals are in agreement that, if "a party incorrectly seeks relief under Civ.R. 60(B) in an attempt to vacate a void judgment, a court will treat the motion as a common law motion to vacate or set aside the judgment * * *." *Ogg v. Penn*, 4th Dist. Scioto No. 14CA3606, 2014-Ohio-5481, ¶ 20, quoting *Blaine v. Blaine*, 4th Dist. Jackson No. 10CA15, 2011-Ohio-1654, ¶ 17; *In re S.A.*, 2d Dist. Montgomery No. 25532, 2013-Ohio-3047, ¶ 34; *During v. Quoico*, 10th Dist. Franklin No. 11AP-735, 2012-Ohio-2990, ¶ 16; *Jones v. Jordan*, 8th Dist. Cuyahoga No. 88696, 2007-Ohio-2519, ¶ 16; *Beachler v. Beachler*, 12 Dist. Preble No. CA2006-03-007, 2007-Ohio-1220, ¶ 19.

{¶8} In its journal entry, the trial court did not state the basis for its decision or even whether it correctly treated the Cornas' motion as a common law motion to vacate. It is important to know how the court treated the motion because, if a motion "is considered as a true motion to vacate, [the Cornas] did not have to meet any of the requirements of Civ.R. 60(B) * * *." *Kerr v. Durham*, 11th Dist. Portage No. 94-P-0127, 1996 WL 535288, *2 (Aug. 30, 1996).

{¶9} Because the parties framed the motion to vacate as a Rule 60(B) motion and the trial court did not explain its reason for denying the motion, we conclude that the court's order must be reversed, and this matter remanded for the court to reconsider the Cornas' motion as a

common law motion to vacate. The trial court may conduct further proceedings as are necessary to fully and adequately consider the motion. The Cornas' assignments of error are sustained.

III.

{¶10} The appeal is dismissed in part. The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded with the instruction that the court reconsider the Cornas' motion to vacate.

> Appeal dismissed in part,
> judgment reversed,
> and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

CARR, J.
BELFANCE, P. J.
CONCUR.

HENSAL, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

ERIC H. ZAGRANS, Attorney at Law, for Appellants.

MICHAEL D. STULTZ and CHRISTOPHER C. CAMBONI, Attorneys at Law, for Appellee.