[Cite as *Sunrise Cooperative, Inc. v. Joppeck*, 2017-Ohio-7654.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| SUNRISE COOPERATIVE, INC. | C.A. No. 16CA010984 |
| Appellant/Cross-Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LARRY JOPPECK | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee/Cross-Appellant | CASE No. 15CV187566 |

DECISION AND JOURNAL ENTRY

Dated: September 18, 2017

CALLAHAN, Judge.

{¶1} Appellant/Cross-Appellee, Sunrise Cooperative, Inc. ("Sunrise"), appeals the judgment of the Lorain County Court of Common Pleas. Additionally, Appellee/Cross-Appellant, Larry Joppeck, appeals from the trial court's judgment. For the reasons set forth below, this Court affirms in part, reverses in part, and remands.

I.

{¶2} Mr. Joppeck executed a cognovit line of credit note with Sunrise in the amount of $50,000. Mr. Joppeck used the line of credit to purchase products and services for his commercial farming operation. The promissory note contained a warrant of attorney.

{¶3} Sunrise filed a cognovit complaint against Mr. Joppeck in March 2015 for his alleged default under the terms of the note. Sunrise obtained a cognovit judgment in the amount of $49,562.75, which was satisfied in May 2015.

**{¶4}** In September 2015, Sunrise filed a second cognovit complaint against Mr. Joppeck based on the same note. The trial court entered judgment in the amount of $39,168.66. This amount originated as a charge back from Mr. Joppeck's John Deere Credit Plan and was not included in the first cognovit complaint and judgment.

**{¶5}** Two months later, Mr. Joppeck filed a motion to vacate the second cognovit judgment. In a subsequent reply brief, Mr. Joppeck included a motion for attorney fees based upon Sunrise's alleged frivolous conduct. The trial court granted Mr. Joppeck's motion to vacate the second cognovit judgment and dismissed the complaint with prejudice. Additionally, the trial court denied Mr. Joppeck's motion for attorney fees. It is from this judgment, that Sunrise timely appeals and Mr. Joppeck cross-appeals. To facilitate the analysis, this Court will address the assignments of error out of order.

II.

**SUNRISE'S ASSIGNMENT OF ERROR NO. 2**

THE TRIAL COURT ERRED BY CONSIDERING AND APPLYING THE DOCTRINE OF RES JUDICATA TO BAR [SUNRISE'S] CLAIMS.

**{¶6}** Sunrise argues in its second assignment of error that the trial court erred in considering and applying res judicata, because the trial court lacked subject matter jurisdiction. Sunrise concedes on appeal that based on the trial court's determination that it did not present the original warrant of attorney at the time of confessing judgment, the trial court did not have subject matter jurisdiction to enter the cognovit judgment.

**{¶7}** Mr. Joppeck argues the trial court only decided the issue of res judicata and not subject matter jurisdiction. While Mr. Joppeck concedes he presented both arguments in his motion to vacate, he contends subject matter jurisdiction was an alternative argument, whereas res judicata was his primary argument. Mr. Joppeck insists that the trial court determined his

motion to vacate solely on res judicata and any reference to the lack of original warrant of attorney "was noted in passing." This Court agrees with Sunrise that the trial court erred in considering and applying res judicata, because it lacked subject matter jurisdiction.

{¶8} The dismissal of a case for lack of subject matter jurisdiction "'inherently raises questions of law,'" which requires a de novo review. *Servpro v. Kinney*, 9th Dist. Summit No. 24969, 2010-Ohio-3494, ¶ 11, quoting *Exchange St. Assocs., L.L.C. v. Donofrio,* 187 Ohio App.3d 241, 2010-Ohio-127, ¶ 4 (9th Dist.). "'A de novo review requires an independent review of the trial court's decision without any deference to the trial court's determination.'" *Ohio Receivables, L.L.C. v. Landaw,* 9th Dist. Wayne No. 09CA0053, 2010-Ohio-1804, ¶ 6, quoting *State v. Consilio,* 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4. Accordingly, this Court reviews Sunrise's assignment of error de novo.

{¶9} While the majority of Mr. Joppeck's motion to vacate addressed res judicata, a court cannot ignore issues regarding subject matter jurisdiction. *See Nord Community Mental Health Ctr. v. Lorain Cty.*, 93 Ohio App.3d 363, 365 (9th Dist.1994). Subject matter jurisdiction can never be waived and may be raised at any time, by any party, or sua sponte by the court. Civ.R. 12(H)(3); *First Merit v. Boesel*, 9th Dist. Summit No. 21667, 2004-Ohio-1875, ¶ 4. "[J]urisdiction is a condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void." *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998); *see Lorain Natl. Bank v. Corna*, 9th Dist. Lorain No. 13CA010472, 2015-Ohio-432, ¶ 6.

{¶10} R.C. 2323.12 and R.C. 2323.13 set forth the statutory requirements necessary for a trial court to have subject matter jurisdiction over a cognovit note. *Huntington Natl. Bank v. Clark Dev., Inc.*, 9th Dist. Summit No. 26883, 2014-Ohio-2629, ¶ 11, quoting *Huntington Natl.*

*Bank v. 199 S. Fifth St. Co., L.L.C.,* 10th Dist. Franklin No. 10AP-1082, 2011-Ohio-3707, ¶ 9. Production of the original warrant of attorney to the trial court prior to confessing judgment is one of the statutory requirements for subject matter jurisdiction in a cognovit action. R.C. 2323.13(A); *see Clark* at ¶ 12, quoting *199 S. Fifth St. Co., L.L.C.* at ¶ 20; *Simon v. Crow*, 9th Dist. Summit No. 22172, 2005-Ohio-1266, ¶ 5.

{¶11} In this case, Mr. Joppeck's motion to vacate raised the issue of subject matter jurisdiction, in addition to res judicata. The trial court discussed and found res judicata to be applicable. However, the trial court also addressed subject matter jurisdiction. In fact, the trial court began its analysis by quoting case law from this Court regarding the requirements for subject matter jurisdiction in a cognovit note matter. The trial court went on to indicate that "[Mr. Joppeck] appears to argue that the judgment rendered in [this case] is void" and treated Mr. Joppeck's motion to vacate "as a common law motion to vacate or to set aside the judgment." *See In re. R.P.,* 9th Dist. Summit No. 26271, 2012-Ohio-4799, ¶ 19 ("[A] common law motion to vacate is the appropriate means by which to challenge a judgment that is void."). Because Mr. Joppeck was seeking to vacate a void judgment, the trial court properly treated the motion as a common law motion to vacate. *See Corna* at ¶ 7.

{¶12} The trial court acknowledged the statutory requirement contained in R.C. 2323.13(A), requiring the original warrant of attorney be presented at the time of confessing judgment, and the fact that this did not occur in this case. While the trial court did not explicitly state that it lacked subject matter jurisdiction, it reviewed the facts and applied R.C. 2323.13 in order to analyze whether it had subject matter jurisdiction. The trial court found that the original warrant of attorney was not presented at the time of confessing judgment, which "[was] in direct contradiction to R.C. 2323.13(A)."

{¶13} Further, in its conclusion the trial court deemed the cognovit judgment to be void and vacated the judgment based upon its review of the "[m]otion to [v]acate, the subsequent briefs, the record, and R.C. 2323.13 et seq." While the trial court found res judicata applied, the conclusion paragraph did not indicate res judicata was the basis for vacating the cognovit judgment. Instead, the trial court specifically mentioned R.C. 2323.13, the statutory requirements to confer subject matter jurisdiction, and found the cognovit judgment to be void. Thus, the trial court specifically decided the motion to vacate on the issue of subject matter jurisdiction.

{¶14} Because the trial court lacked subject matter jurisdiction it had no power to act, or in this case, no power to consider and decide the issue of res judicata. *See David Ingram, D.C., Inc. v. Ohio Civ. Rights Comm.*, 67 Ohio App.3d 648, 651 (9th Dist.1990); *see also Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11. Thus, the trial court's determination regarding res judicata is a nullity and void, just as the cognovit judgment is a nullity and void. *See State ex rel. Tubbs Jones*, 84 Ohio St.3d at 75; *Fifth St. Realty Co. v. Clawson*, 9th Dist. Lorain No. 94CA005996, 1995 WL 353722, *2 (June 14, 1995) ("If a trial court lacks jurisdiction, *any* order it enters is a nullity and is void.") (Emphasis added.). In this case, the trial court lacked subject matter jurisdiction and thus erred in considering and deciding the issue of res judicata. Sunrise's second assignment of error is sustained on this point.

{¶15} Notwithstanding the lack of subject matter jurisdiction, Sunrise also asserts the trial court erred in finding that res judicata barred the second cognovit complaint. Mr. Joppeck argues the trial court correctly decided that res judicata barred the second cognovit complaint. This Court declines to address this argument as it has been rendered moot in light of the

determination that there was no subject matter jurisdiction in the matter. *See David Ingram, D.C., Inc.* at 651; App.R. 12(A)(1)(c).

## SUNRISE'S ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED BY DISMISSING [SUNRISE'S] COMPLAINT WITH PREJUDICE.

**{¶16}** Sunrise asserts in its first assignment of error that the trial court erred when it dismissed the complaint with prejudice. This Court agrees.

**{¶17}** Upon finding the cognovit judgment to have been granted in violation of R.C. 2323.13, the court deemed the judgment to be void and ordered it vacated, and then dismissed the case *with* prejudice. Civ.R. 12(H)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Civ.R. 41(B)(4)(a) provides that a dismissal for lack of subject matter jurisdiction "operate[s] as a failure otherwise than on the merits[,]" which is a dismissal without prejudice. *See MBNA Am. Bank, N.A. v. Berlin*, 9th Dist. Medina No. 05CA0058-M, 2005-Ohio-6318, ¶ 10.

**{¶18}** In this case, Mr. Joppeck raised the issue and the trial court found that it lacked subject matter jurisdiction to enter the cognovit judgment. While the trial court properly proceeded to dismiss the case under Civ.R. 12(H)(3), the trial court's dismissal did not comport with Civ.R. 41(B)(4)(a). Accordingly, the trial court erred in dismissing the cognovit complaint with prejudice. Sunrise's first assignment of error is sustained.

## MR. JOPPECK'S ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED [MR.] JOPPECK'S REQUEST FOR ATTORNEYS' FEES PURSUANT TO []R.C. []2323.51 WITHOUT A HEARING IN SPITE OF THE EVIDENCE PRESENTED TO THE TRIAL COURT OF SUNRISE'S FRIVOLOUS CONDUCT.

{¶19} In his cross-appeal, Mr. Joppeck contends the trial court abused its discretion when it denied his motion for attorney fees without a hearing. This Court disagrees.

{¶20} There are two preliminary matters that must be addressed before proceeding to address the assignment of error: (1) this Court's jurisdiction on the collateral issue of sanctions under R.C. 2323.51, and (2) Mr. Joppeck's pending motion for limited remand relative to a second motion filed under R.C. 2323.51.

{¶21} First, in light of the above discussion regarding the trial court's lack of subject matter jurisdiction, it is necessary to determine if the trial court and this Court have jurisdiction over a motion for attorney fees. While his motion to vacate was pending, Mr. Joppeck filed a motion for attorney fees pursuant to R.C. 2323.51. A motion for attorney fees under Civ.R. 11 or R.C. 2323.51 is collateral to the original proceedings and thus the trial court retains limited jurisdiction to address such motions even when jurisdiction has been divested in the underlying matter. *See Servpro*, 2010-Ohio-3494, at ¶ 14, quoting *Baker v. USS/Kobe Steel Co.*, 9th Dist. Lorain No. 98CA007151, 2000 WL 14044, *2 (Jan. 5, 2000). The fact that the cognovit complaint was dismissed due to a lack of subject matter jurisdiction did not deprive the trial court of its jurisdiction to decide a motion for attorney fees. *See Flatinger v. Flatinger*, 10th Dist. Franklin No. 01AP-1481, 2002-Ohio-3781, ¶ 7. Because the trial court had jurisdiction over this collateral motion, this Court has jurisdiction to consider Mr. Joppeck's assignment of error.

{¶22} Second, immediately following the filing of this appeal, Mr. Joppeck filed another motion in the trial court for attorney fees or in the alternative a motion for reconsideration of the denial of the attorney fees. Additionally, Mr. Joppeck filed a motion for limited remand in this Court to allow the trial court to rule on the newly filed motion for attorney fees and reconsideration.

{¶23} In his second motion for attorney fees, Mr. Joppeck acknowledged the trial court's denial of his first motion for attorney fees. Additionally, Mr. Joppeck reasserted and incorporated his arguments from his prior motion in support of the second motion for attorney fees. This motion was improperly filed. The trial court's previous denial of Mr. Joppeck's motion for attorney fees was a final, appealable order. The Supreme Court of Ohio has held that a motion for reconsideration filed after a final judgment is not contemplated by the Ohio Rules of Civil Procedure and thus is a nullity. *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378 (1981), paragraph one of the syllabus. Since the motion to reconsider is a nullity, there is no basis to remand this matter to the trial court. Further, Mr. Joppeck's proper recourse to challenge the denial of the first motion for attorney fees was to file an appeal, which he has done. Accordingly, Mr. Joppeck's motion for limited remand is denied.

{¶24} A decision of whether to impose a sanction of attorney fees for frivolous conduct under R.C. 2323.51 is squarely within the broad discretion of the trial court. *S & S Computer Sys., Inc. v. Peng,* 9th Dist. Summit No. 20889, 2002-Ohio-2905, ¶ 9. Thus, this Court will review the trial court's denial of Mr. Joppeck's motion for attorney fees for an abuse of discretion. An abuse of discretion is "'more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980). When applying the abuse of discretion standard, this Court may not simply substitute its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶25} This Court has held that R.C. 2323.51 requires the trial court to hold a hearing before it can award attorney fees as a sanction for frivolous conduct, but the same is not required when the trial court declines to award attorney fees. *See Avon Poured Wall, Inc. v. Boarman*, 9th

Dist. Lorain No. 04CA008448, 2004-Ohio-4588, ¶ 24. While acknowledging this proposition of law, Mr. Joppeck relies upon *Turowski v. Johnson*, 68 Ohio App.3d 704 (9th Dist.1990), to argue that the trial court arbitrarily denied his request for attorney fees, thereby abusing its discretion. "An arbitrary denial occurs when (1) the record clearly evidences frivolous conduct and (2) the trial court nonetheless denies a motion for attorney fees without holding a hearing." *Poindexter v. Grantham*, 8th Dist. Cuyahoga No. 95825, 2011-Ohio-1576, ¶ 12, citing *Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, ¶ 31.

**{¶26}** The trial court's order contained no discussion or analysis regarding Mr. Joppeck's request for attorney fees. The order simply stated "[Mr. Joppeck's] [r]equest for [a]ttorneys' [f]ees is hereby denied." "While it is preferable that the trial court give more specific reasons for denying the motion, the failure of the trial court to so explain is not grounds for reversal." *Ohio Dept. of Adm. Servs. v. Robert P. Madison Internatl., Inc.*, 138 Ohio App.3d 388, 399 (10th Dist.2000).

**{¶27}** Further, the trial court's discussion regarding res judicata in the order is void due to the lack of jurisdiction, *see Clawson*, 1995 WL 353722, at \*2, and thus cannot serve as basis for the trial court having arbitrarily denied the motion for attorney fees. *Compare Turowski* at 706 (The trial court was found to have arbitrarily denied a motion for attorney fees after having stated on the record in a hearing that it could not "'by any stretch of the imagination in any manner whatsoever see how in the world \* \* \* Ohio Edison can be brought into this action by what you told me so far. It just boggles my mind to understand that.'"). Accordingly, Mr. Joppeck's reliance upon *Turowski* is misplaced because the record does not clearly contain evidence of frivolous conduct. Thus, the trial court did not arbitrarily deny the motion for attorney fees without a hearing. Mr. Joppeck's assignment of error is overruled.

III.

{¶28} Sunrise's first and second assignments of error are sustained. This Court declines to address Sunrise's merit arguments regarding res judicata in its second assignment of error as they have been rendered moot. Mr. Joppeck's motion for limited remand is denied and his cross-appeal is overruled.

{¶29} The judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and this matter is remanded with the instruction that the trial court dismiss the complaint without prejudice.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee/Cross-Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

DAVID J. WIGHAM and LUCAS K. PALMER, Attorneys at Law, for Appellant/Cross-Appellee.

KATHLEEN M. AMERKHANIAN, Attorney at Law, for Appellee/Cross-Appellant.